## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CHARLES GASPARD (#579511) AND**          **CIVIL ACTION**
**DAVEIGH SCHWALLIER**

**VERSUS**

         **NO. 18-816-SDD-RLB**

**THE BREAKFAST TOMS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 30, 2019.

                                               **RICHARD L. BOURGEOIS, JR.**
                                               **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHARLES GASPARD (#579511) AND**          **CIVIL ACTION**
**DAVEIGH SCHWALLIER**

**VERSUS**

         **NO. 18-816-SDD-RLB**

**THE BREAKFAST TOMS, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Record Document 5, filed by Plaintiff, Charles Gaspard (hereinafter, "Plaintiff" or "Gaspard") on January 16, 2019. The motion seeks various forms of relief, some of which have been resolved by separate order. Plaintiff's Motion to Disqualify the District Judge, as well as Plaintiff's failure to correct certain deficiencies in his filing despite being given an opportunity to do so, will be addressed in this Report and Recommendation.

**I.     Law and Analysis**

    **A.     Motion to Disqualify Chief District Judge Shelly D. Dick**

Plaintiff Gaspard requests recusal of Chief District Judge Shelly D. Dick. In support of this request, Gaspard argues that Judge Dick should be recused from this instant matter because she is the district judge assigned to Gaspard's other suit, *Gaspard, et al. v. Bourgeois, et al.*, 18-cv-918-SDD-EWD. (R. Doc. 5 at 3). Plaintiff also suggests that Judge Dick should be recused because she failed to compel Magistrate Judge Wilder-Doomes to take certain actions, or to take those actions herself, in that same litigation. (R. Doc. 5 at 3). Gaspard suggests recusal pursuant to 28 U.S.C. § 455(a) and (b)(1) is warranted because "she has personal bias or prejudice concerning Plaintiff Gaspard, as is clearly evidenced by her illegal actions in" this matter as well as 18-cv-918 by failing to issue or cause the magistrate judge to issue "warrant(s) of arrest in some matter" or "institute[e] prosecution(s)." (R. Doc. 5 at 3-4). At the outset, the Court notes

that the other matter to which Plaintiff refers, Civil Action No. 18-cv-918-SDD-EWD, has been dismissed.

The sections of 28 U.S.C. § 455 under which Plaintiff Gaspard alleges recusal is required provide as follows:

> (a)  Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b)  He shall also disqualify himself in the following circumstances:
>   (1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455(a) and (b)(1). The goal of this statute "is to promote public confidence in the judicial system by avoiding even the appearance of partiality." *Levitt v. University of Texas at El Paso*, 847 F.2d 221, 226 (5th Cir. 1988). Accordingly, § 455 asks whether "the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Potashnick v. Port City Constr. Co.*, 609 F. 2d 1101, 1111 (5th Cir. 1980). The reasonable man viewpoint means the facts are assessed based on how they would appear to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan*, 49 F. 3d 152, 156 (5th Cir. 1995).

The basis of Plaintiff's claims arise out of actions taken or not taken by a judge in the course of a legal proceeding, which the Court again notes has since been dismissed. While Plaintiff may not be pleased with that outcome, to the extent he is considering legal action against the district judge, such claims are extremely unlikely to succeed based on judicial immunity, discussed in more depth below. Regardless of the propriety of Plaintiff's position in the other litigation, relevant herein is the fact that Plaintiff Gaspard seeks to have Chief District Judge Dick recused on the basis of her alleged failure to take judicial action in 18-cv-918, claims

that would in all likelihood be subject to judicial immunity. For the same reason that Plaintiff's claims against the undersigned are not likely to succeed as discussed in the Order issued contemporaneously, nor are his claims against Chief District Judge Dick, and therefore, recusal is not appropriate in this matter.

"It is well established that judges enjoy absolute judicial immunity from lawsuits that cannot be overcome by allegations of bad faith or malice." *Severin v. Parish of Jefferson*, 357 Fed. App'x 601, 604 (5th Cir. 2009) (citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)). Furthermore, as noted by the *Severin* court, the "Supreme Court has recognized only two instances in which judicial immunity is inapplicable. 'First a judge is not immune from liability for non-judicial actions, i.e. actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions though judicial in nature, taken in the complete absence of all jurisdictions.'" *Severin*, 357 Fed App'x at 604 (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

No exception to judicial immunity has been alleged, nor does the Court find any in its own review of the allegations. There are no allegations of any personal bias or prejudice by Judge Dick concerning a party, or any personal knowledge of disputed evidentiary facts concerning the proceeding. Any assertions to the contrary are entirely conclusory. There is no basis to question her impartiality in the instant suit. The Court recommends that Plaintiff Gaspard's Motion to Disqualify Chief District Judge Shelly D. Dick be denied. Furthermore, the Court recommends that Plaintiff's Request for Reassignment to a United States District Judge be denied as moot.

### B. Time for Filing Motion to Proceed In Forma Pauperis

Plaintiff seeks to suspend, or in the alternative extend, the deadline for filing his application to proceed in forma pauperis. (R. Doc. 5 at 6-7). The basis of this request seems to be

Plaintiff's suggestion that the deadline for filing same should be postponed until all of the district courts in which Plaintiff has filed this and "multiple duplicate civil actions" have accepted a "stipulation" (R. Doc. 5-4) proposed by Plaintiff and venue has been determined. (R. Doc. 5 at 6-7). In the Court's December 6, 2018 Order (R. Doc. 3), Plaintiff was provided 21 days to correct the deficiencies noted therein, one of them being submission of the cost of filing a Complaint, or in the alternative, an application to proceed as a pauper. (R. Doc. 3 at 2). The Court also included (1) a Motion to Proceed *In Forma Pauperis*, and (2) a Statement of Account form. (R. Docs. 3-2, 3-3).

Plaintiff previously objected to filing his Motion to Proceed *In Forma Pauperis* within his August 31, 2018 Motion for a Stay of the Proceedings (R. Doc. 2), which request was denied by way of Order (R. Doc. 3) dated December 6, 2018. Therein, Plaintiff was ordered to either pay the costs of filing his Complaint or to request to proceed as a pauper within 21 days. (R. Doc. 3 at 2-3). Accordingly, as Plaintiff has not complied with that Order, and this is his second request for the same relief, the Court recommends that Plaintiff's request to suspend, or in the alternative extend, the deadline for filing his application to proceed in forma pauperis be denied.

Further, the related matter to which Plaintiff refers, *Gaspard, et al. v. Bourgeois, et al.*, Civil Action No. 18-cv-918-SDD-EWD, was dismissed without prejudice based on Plaintiff's failure to comply with the district court's directive, including his failure to either pay the Court's filing fee or submit a Motion to Proceed *In Forma Pauperis*. Based on a similar failure to adhere to the same directives herein, the Court also recommends that Plaintiff's claims be dismissed without prejudice for failure to comply with its December 6, 2018 Order (R. Doc. 3) despite notice.

4

Lastly, based on the Court's recommendations herein, the Court recommends that the remaining pending Motions[1] be denied as moot.

## II. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Disqualify Chief District Judge Shelly D. Dick and Request for Reassignment to a United States District Judge (R. Doc. 5) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Request to Suspend, or in the Alternative Extend (R. Doc. 5), the deadline for filing his application to proceed in forma pauperis be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's December 6, 2018 Order within the delays provided therein.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Determine Status of Required Party, and Proper Venue (R. Doc. 6), Plaintiff's Motion to Compel a Discovery Response and for a Protective Order (R. Doc. 7), and Plaintiff's Motion for Leave to Serve Supplemental Complaint (R. Doc. 8), be **DENIED** as moot.

Signed in Baton Rouge, Louisiana, on April 30, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff's Motion to Determine Status of Required Party, and Proper Venue (R. Doc. 6), Plaintiff's Motion to Compel a Discovery Response and for a Protective Order (R. Doc. 7), and Plaintiff's Motion for Leave to Serve Supplemental Complaint (R. Doc. 8), all filed on January 16, 2019.